**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON J. SMITH,

Defendant - Appellant.

No. 96-3415

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 93-CR-10092)**

---

Submitted on the briefs:[*]

Kenneth G. Gale, Focht, Hughey & Calvert, Wichita, Kansas, for Defendant-Appellant.

Jackie N. Williams, U.S. Attorney, and Michael G. Christensen, Assistant U.S. Attorney, Wichita, Kansas, for Plaintiff-Appellee.

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

TACHA, Circuit Judge.

This appeal is from a judgment and sentence imposed upon defendant Smith after this court's reversal of the appellant's conviction on Count III of an indictment under which appellant had been convicted of a firearms count subsequently reversed by the United States Supreme Court after Bailey v. United States, 116 S.Ct. 501 (1995). Defendant appeals, alleging that the district court erred in enhancing defendant's sentence on resentencing pursuant to U.S. Sentencing Guidelines § 2D1.1. We affirm.

Defendant was convicted after a jury trial in 1994 of a drug count and a related firearms count. At that time, defendant was sentenced by the district court to 63 months on the drug count and 60 months on the firearms count to run consecutively, a five-year supervised release, a fine of $1000, and a $100 special assessment. This court affirmed defendant's conviction in United States v. Smith, 63 F.3d 956 (10th Cir. 1995). The United States Supreme Court granted defendant's petition for writ of certiorari, vacated the judgment and remanded the case to this court for further consideration in light of Bailey v. United States, 116 S.Ct. 501 (1995). Smith v. United States, 116 S. Ct. 900 (1996). Following that remand, this court reversed the defendant's conviction on the firearms count and remanded the case with directions that the conviction and sentence be set aside. United States v. Smith, 82 F.3d 1564 (10th Cir. 1996). Upon remand, the district

court resentenced defendant, setting aside the conviction on the firearms count and finding that an enhancement on the remaining drug count was appropriate pursuant to U.S. Sentencing Guidelines § 2D1.1. Prior to the reversal on the firearms count, the district court was precluded from enhancing defendant's sentence pursuant to this section. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1); U.S. Sentencing Guidelines Manual § 2K2.4, comment 2. Vacating the firearms count, which charged a violation of 18 U.S.C. § 924(c)(1), removed the double counting problem that prevented the district court from enhancing defendant's sentence under § 2D1.1(b)(1), at the same time it was imposing the mandatory consecutive five-year sentence under § 924(c)(1). See United States v. Lang, 81 F.3d 955, 963 (10th Cir. 1996).

In vacating defendant's sentence following the remand from the Supreme Court, this court stated:

> Accordingly, we **reverse** Smith's conviction under 18 U.S.C. § 924(c)(1) on Count III, and **remand** with directions that the conviction and sentence thereon be set aside.

Smith, 82 F.3d at 1568. Defendant argues on appeal here that this language precluded the district court from adding the enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1). Defendant argues that the use of the words "set aside" in the order from this court to the district court precluded the district court from reconsidering the enhancement on the drug count and violated the

mandate rule upon remand. Defendant essentially argues that the words "set aside" mean something different from "vacate" or "resentence" upon remand. We disagree. The use of the words "set aside" in this context have the same functional meaning as "vacate" or "resentence" for the purposes of district court consideration of a sentence upon remand. Once the sentence on the firearms charge is "set aside" the district court is no longer prohibited from considering appropriate enhancements on the remaining drug count. A sentence under the U.S. Sentencing Guidelines constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted. When one of those counts is set aside or vacated, the district court is free to reconsider the sentencing package de novo unless the appellate court specifically limited the district court's discretion on remand. United States v. Webb, 98 F.3d 585, 587-88 (10th Cir. 1996); United States v. Ortiz, 25 F.3d 934, 935 (10th Cir. 1994). The provisions of the U.S. Sentencing Guidelines operate interdependently. Precluding the district court from reconsidering the entire sentencing package after one count of conviction is vacated would be inconsistent with the purposes and structure of the U.S. Sentencing Guidelines. We therefore hold that the use of the words "set aside" are equivalent to the use of the words "vacate" or "resentence" following remand under the circumstances presented in this case. The judgment and sentence of the district court are AFFIRMED.