**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL RAY HICKS,

Defendant - Appellant.

No. 96-3288

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D. Ct. No. 94-10058-01)**

---

Timothy J. Henry, Assistant Federal Public Defender (David J. Phillips, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender for the District of Kansas, Wichita, Kansas, appearing for the Defendant-Appellant.

Randy M. Hendershot, Assistant U.S. Attorney (Jackie N. Williams, U.S. Attorney and D. Blair Watson, Assistant U.S. Attorney, on the brief), Office of the United States Attorney, Wichita, Kansas, appearing for the Plaintiff-Appellee.

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**TACHA**, Circuit Judge.

**INTRODUCTION**

Defendant Michael Ray Hicks was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession with intent to distribute marijuana, also in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2313; and using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The facts underlying Hicks's convictions are set forth in our published opinion addressing his previous appeal and need not be repeated here. See United States v. Miller, 84 F.3d 1244, 1248-49 (10th Cir.), cert. denied, 117 S. Ct. 443 (1996), overruled by United States v. Holland, 116 F.3d 1353 (10th Cir.), cert. denied, 118 S. Ct. 253 (1997). Hicks received a total sentence of 248 months for these convictions; specifically, he received concurrent sentences of 188 months for each of the two drug offenses and the vehicle offense, plus a consecutively running sentence of 60 months for the section 924(c) offense. See 18 U.S.C. § 924(c)(1) (imposing mandatory 5-year sentence to run consecutively with any sentence for an underlying drug offense(s)). Hicks appealed his convictions and sentence. This court affirmed the convictions on the possession charges and the vehicle offense, but we reversed the section 924 conviction and vacated that sentence upon concluding that the jury instruction defining "use" of a firearm was legally

- 2 -

erroneous in light of <u>Bailey v. United States</u>, 516 U.S. 137 (1995). <u>See</u> <u>Miller</u>, 84 F.3d at 1262-63. We remanded for a new trial to determine whether Hicks had "carried" a firearm in violation of section 924(c)(1).[1]

After our remand, the government decided not to retry the defendant on the section 924 charge. At the government's request, the district court then resentenced Hicks on the remaining drug offenses and found that it should apply a two-level enhancement under section 2D1.1(b)(1) of the Sentencing Guidelines, based on Hicks's possession of a firearm during the commission of the drug offenses. <u>See</u> UNITED STATES SENTENCING GUIDELINES MANUAL (U.S.S.G.)

---

[1] In <u>Holland</u>, we held that a section 924(c)(1) conviction for "use or carry" can be affirmed even if the "use" instruction was legally erroneous under <u>Bailey</u> so long as the jury's verdict necessarily included a finding of all the elements of the "carry" prong. <u>See</u> <u>Holland</u>, 116 F.3d at 1359. That holding differed from our decision in Hicks's original appeal in this case, <u>United States v. Miller,</u> in which we remanded for a new trial on the "carry" issue. <u>See</u> <u>Miller</u>, 84 F.3d at 1257-58. Through a footnote in <u>Holland</u> that was approved by the en banc court, we explicitly overruled the analysis used in <u>Miller</u> and noted that Hicks's case, among others, would have turned out differently under the new analysis. <u>See</u> <u>Holland</u>, 116 F.3d at 1359 n.4. While this appeal was pending, the government filed supplemental authority suggesting that we remand this case to the district court for reinstatement of Hicks's section 924 conviction in light of <u>Holland</u>. However, "[o]ur appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal." <u>Cunico v. Pueblo School Dist. No. 60</u>, 917 F.2d 431, 444 (10th Cir. 1990). This appeal is limited to reviewing the district court's decision to resentence on the drug convictions. <u>See</u> Notice of Appeal (appealing resentencing). Therefore, the government's proposal is outside the scope of this appeal. Although we decline to express an opinion at this time regarding the possibility of reinstating the defendant's section 924(c)(1) conviction, the government is free to raise its argument in the district court.

§ 2D1.1(b)(1) (1995 [2]) ("If a dangerous weapon (including a firearm) was possessed [during the drug offense], increase [the base offense level] by 2 levels."). Prior to our vacation of his section 924 conviction, Hicks had been immune from this enhancement. In order to avoid "double counting" of the weapon factor, the Guidelines specify that when a defendant is convicted and sentenced under section 924(c)(1) for using or carrying a weapon during the commission of a drug offense, he cannot also have his sentence for the drug offense enhanced based on the weapon possession. See U.S.S.G. § 2K2.4 commentary (background). However, once we reversed Hicks's section 924 conviction and vacated the corresponding sentence, and the government chose not to retry the section 924 charge, this impediment to applying the 2D1.1(b)(1) enhancement disappeared. Accordingly, the district court agreed to the government's request for resentencing.

As a result of the resentencing, Hicks's new sentence totals 235 months; without the resentencing, our vacation of his section 924 sentence would have left him with a total sentence of only 188 months. The defendant objects to the

---

[2] As a general rule, we refer to the version of the guidelines that was in effect at the time of the defendant's sentencing. See United States v. Moudy, 132 F.3d 618, 620 n.1 (citing U.S.S.G. § 1B1.11(a)). At the time of Hicks's original sentencing, the 1994 edition of the guidelines manual was in effect, while at the time of his resentencing, the 1995 version was in effect. The sentencing provisions relevant to this appeal are the same in both editions.

resentencing on the grounds that it violates the mandate of this court. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

## DISCUSSION

The mandate rule is a "discretion-guiding rule" that "generally requires trial court conformity with the articulated appellate remand," subject to certain recognized exceptions. [3] United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996). However, "where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal." Id. Thus, the question here is whether we specifically limited the scope of remand so as to prevent the district court from resentencing on the remaining convictions after the government decided not to retry the section 924(c)(1) charge. [4] To answer this question we must look at the language of the mandate.

In our mandate, we stated that "the judgment . . . is affirmed in part and reversed in part" and ordered the case remanded "for further proceedings in accordance with the opinion of this court." Judgment, United States v. Hicks, No.

---

[3] Because we hold that the district court did not exceed the bounds of our mandate, we need not examine whether any of the exceptions to the mandate rule applies to the district court's resentencing.

[4] To the extent that Hicks argues that the district court exceeded its jurisdiction by allegedly violating our mandate, his contention is unsupported by the law of this circuit. "[T]he mandate rule is a rule of policy and practice, not a jurisdictional limitation." Moore, 83 F.3d at 1234.

- 5 -

95-3045 (10th Cir. May 20, 1996).  The opinion itself concluded with the following statement:

> Mr. Hicks's conviction for using or carrying a firearm in relation to a drug trafficking crime is REVERSED, his sentence for that offense is VACATED, and the case is REMANDED for a new trial on that offense.  The convictions and sentences are AFFIRMED in all other respects.

Miller , 84 F.3d at 1263.

Hicks argues that the language of our opinion specifically limited the district court's power so that the district court, upon remand, did not have the authority to adjust his sentence on the remaining charges once we vacated the section 924(c)(1) conviction.  We disagree.  Although we did remand for the purpose of a new trial, nothing in the quoted language indicates that we intended to limit the district court's ability to resentence the defendant on the remaining counts should the government choose not to pursue the new trial.  Our failure to specifically address the possibility that the government would not retry the defendant does not mean that the district court was powerless to adjust the defendant's sentence.  "The fact that the Tenth Circuit's opinion and mandate[] did not set forth with specificity all of the possible permutations that might conceivably occur following remand is not an indication that enhancement is unequivocally barred by the scope of the mandate."      United States v. Van Pelt, 938 F. Supp. 697, 706 (D. Kan. 1996), aff'd, 131 F.3d 153 (10th Cir. 1997)

(unpublished table decision), cert. denied, __ S. Ct. __, 1998 WL 99419 (Mar. 30, 1998). As we stated in Moore, "a district court, following the appellate vacation of a sentence, possesses the inherent discretionary power to expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence." Moore, 83 F.3d at 1235.

Our opinion in United States v. Webb, 98 F.3d 585 (10th Cir. 1996), cert. denied, 117 S. Ct. 1097 (1997), demonstrates the specificity that we require in order to limit a district court's authority to resentence on remand. In that case, we held that after this court had directed the district court to impose a sentence within the range of 27-33 months, "the mandate rule prohibited the district court from departing downward from the guideline range enunciated." Id. at 587. The mandate in Hicks's case lacks this type of specific direction. Because we did not specifically limit the scope of the remand with regard to sentencing, the district court was able to exercise its discretion to expand the resentencing beyond simply vacating the sentence for the section 924 charge. See Moore, 83 F.3d at 1235.

Our holding here follows our recent decision in United States v. Smith, 116 F.3d 857 (10th Cir.), cert. denied, 118 S. Ct. 256 (1997). Like the defendant here, Smith successfully argued on direct appeal that his section 924 conviction should be vacated in light of Bailey. We agreed and set aside the conviction and sentence for that charge, but, as in this case, did not make any reference to

resentencing on the remaining drug conviction. Upon remand, the district court resentenced Smith on his drug conviction, applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(1). Smith then appealed, asserting that the resentencing violated the mandate rule because the order to set aside the section 924 conviction precluded the court from reconsidering the sentence for the drug count. We rejected that argument, stating that "[o]nce the sentence on the firearms charge is 'set aside' the district court is no longer prohibited from considering appropriate enhancements on the remaining drug count."    Id. at 859.

Although the mandate in Hicks's case varies slightly from the mandate in Smith, we do not find the difference significant. In Smith, we remanded with the following instructions: "[W]e REVERSE Smith's conviction under 18 U.S.C. § 924(c)(1) . . . and REMAND with directions that the conviction and sentence thereon be set aside." United States v. Smith, 82 F.3d 1564, 1568 (10th Cir. 1996). In Hicks's case we not only reversed his section 924 conviction and vacated his sentence for that offense, but we also stated that his "convictions and sentences are AFFIRMED in all other respects." Miller, 84 F.3d at 1263. However, our affirmance of the other convictions and sentences did not limit the district court's authority to revisit those sentences after we vacated the section 924 conviction. "The fact that [we] 'affirmed' the defendant[']s drug trafficking offenses was nothing more than a rejection of the defendant's attacks on those

sentences." Van Pelt, 938 F. Supp. at 705.

It is true that in at least one of our "Bailey-fix" cases, we specifically instructed the district court to resentence the defendant under U.S.S.G. § 2D1.1(b)(1) on the remaining drug count. See United States v. Lang, 81 F.3d 955, 963-64 (10th Cir. 1996). However, our holdings here and in Smith demonstrate that the type of specific instruction that we issued in Lang is not a prerequisite to the district court's authority to resentence. Our silence on the issue of enhancement on remand should not be construed as "a tacit prohibition to such action." Van Pelt, 938 F. Supp. at 705; see also United States v. Shue, 825 F.2d 1111, 1114 (7th Cir. 1987) ("[D]espite the previous panel's failure to vacate explicitly the sentencing package and remand for resentencing, we hold that the district court had the authority to . . . resentence the defendant to effectuate the original sentencing intent."). In short, after we vacate a count of conviction that is part of a multi-count indictment, a district court "possesses the inherent discretionary power" to resentence a defendant on the remaining counts de novo unless we impose specific limits on the court's authority to resentence. Moore, 83 F.3d at 1235. Simple commands such as "vacate," "set aside," and "affirm" are not sufficiently specific to limit that power.

Our holding today comports with cases in this Circuit and others applying the "sentencing package" doctrine to cases involving resentencing after a direct

appeal. [5] This doctrine generally permits the district court to resentence a defendant on convictions that remain after he succeeds in getting one or more convictions vacated—even if he did not challenge the convictions on which he is resentenced. See, e.g., United States v. Smith, 116 F.3d 857, 859, cert. denied 118 S. Ct. 256 (1997); United States v. Diaz, 834 F.2d 287, 290 (2d Cir. 1987); Shue, 825 F.2d at 1114; United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989). The Seventh Circuit has described the basis for this doctrine in oft-quoted language:

> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentence renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.
> Thus, . . . [upon remand] the district court ha[s] the authority to reevaluate the sentencing package . . . and resentence the

---

[5] Although we are concerned here with resentencing following vacation of a section 924 conviction on direct appeal, the circuit courts also have applied the sentencing package doctrine to justify resentencing after a successful collateral attack under 18 U.S.C. § 2255. See, e.g., United States v. Davis, 112 F.3d 118, 122 (3d Cir.), cert. denied, 118 S. Ct. 224 (1997); United States v. Smith, 103 F.3d 531, 533-35 (7th Cir. 1996), cert. denied, 117 S. Ct. 1861 (1997); United States v. Handa, 122 F.3d 690, 692 (9th Cir. 1997), cert. denied, 118 S. Ct. 869 (1998). Courts also have relied on the closely related theory of "interdependence" of sentences. See, e.g., United States v. Mendoza, 118 F.3d 707, 710 (10th Cir.), cert. denied, 118 S. Ct. 393 (1997); Davis, 112 F.3d at 121; United States v. Mixon, 115 F.3d 900, 903 (11th Cir. 1997).

defendant to effectuate the original sentencing intent.

Shue, 825 F.2d at 1114 (citations omitted); see also United States v. Binford, 108 F.3d 723, 728 (7th Cir.) (applying sentencing package principles to uphold resentencing after defendant's successful section 2255 attack on his section 924 conviction), cert. denied, 117 S. Ct. 2530 (1997). Other circuits similarly have emphasized the importance of allowing district courts to resentence in order to carry out the original sentencing intent, recognizing that resentencing on remaining convictions after vacation of one count may be "'necessary in order to ensure that the punishment still fits both crime and criminal.'" United States v. Davis, 112 F.3d 118, 122 (3d Cir.) (quoting Pimienta-Redondo, 874 F.2d at 14), cert. denied, 118 S. Ct. 224 (1997); see also United States v. Diaz, 834 F.2d 287, 290 (2d Cir. 1987). Courts are particularly aware of the need for resentencing in the context of appeals involving the mandatory consecutive five-year sentence imposed under 18 U.S.C. § 924(c)(1) because "vacating that portion of the sentence radically changes the sentencing package." United States v. Smith, 103 F.3d 531, 534 (7th Cir. 1996), cert. denied, 117 S. Ct. 1861 (1997); see also United States v. Mixon, 115 F.3d 900, 903 (11th Cir. 1997); United States v. Smith, 115 F.3d 241, 245 (4th Cir.), cert. denied, 118 S. Ct. 315 (1997).

In Smith, we touched upon the relationship between the mandate rule and the sentencing package doctrine, noting that the package doctrine allowed the

district court to resentence a defendant after vacation of part of the package, unless the mandate proscribed the lower court's authority to do so:

> A sentence under the U.S. Sentencing Guidelines constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted. <u>When one of those counts is set aside or vacated, the district court is free to reconsider the sentencing package de novo unless the appellate court specifically limited the district court's discretion on remand.</u> The provisions of the U.S. Sentencing Guidelines operate interdependently. Precluding the district court from reconsidering the entire sentencing package after one count of conviction is vacated would be inconsistent with the purposes and structure of the U.S. Sentencing Guidelines.

<u>Smith</u>, 116 F.3d at 859 (citations omitted) (emphasis added).

The federal sentencing statute requires the sentencing court to take into consideration, among other things, "the nature and circumstances of the offense" and the need for the sentence imposed "to reflect the seriousness of the offense . . . and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The purposes of the federal sentencing scheme would be frustrated here if the district court could not resentence the defendant using the section 2D1.1(b)(1) enhancement because he would go unpunished for using a weapon during commission of the drug offense. Neither Congress nor the Sentencing Commission intended such conduct to go unpunished. <u>See</u> 18 U.S.C. § 924(c)(1) (imposing mandatory 5-year sentence for using or carrying weapon during drug offense); U.S.S.G. §§ 2D1.1(b)(1), 2K2.4 commentary (background) (requiring court to apply 2-level enhancement for possessing weapon during drug offense,

- 12 -

except when defendant is already sentenced under section 924(c)(1)).  A resentencing that applies the section 2D1.1(b)(1) enhancement after vacation of a section 924(c)(1) conviction and sentence "does nothing more than put defendants in the same position they would have occupied had they not been convicted under § 924(c) in the first place."  United States v. Gordils , 117 F.3d 99, 103 (2d Cir.) (upholding resentencing after defendants' successful section 2255 challenge to their section 924(c)(1) convictions),  cert. denied , 118 S. Ct. 430 (1997).  Hicks would have us place him in a better position by allowing him to escape the consequences of using the weapon in the commission of the offense.   This we refuse to do.  "Thus, despite the previous [appellate] panel's failure to vacate explicitly the sentencing package and remand for resentencing, we hold that the district court had the authority to reevaluate the sentencing package in light of the changed circumstances and resentence the defendant to effectuate the original sentencing intent."  Shue , 825 F.2d at 1114.

## CONCLUSION

We AFFIRM the district court's decision to resentence Hicks on the remaining counts and to apply a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) following this court's vacation of his section 924(c)(1) conviction.

No. 96-3288, United States of America v. Michael Ray Hicks

McKAY, Circuit Judge, dissenting:

I must respectfully dissent. Today's decision represents a lack of respect for the finality of judgments and is contrary to our reasoning and jurisprudence on that issue. I find no authority in the Constitution, laws, sentencing guidelines, or Rules of Criminal Procedure for the court to ignore our long and well-settled law of finality of judgments in order to facilitate a judicially-created fiction of "bundling."

The judgment of the Court of Appeals in this case reads: "Mr. Hicks's conviction for using or carrying a firearm in relation to a drug trafficking crime is REVERSED, his sentence for that offense is VACATED, and the case is REMANDED for a new trial on that offense. The convictions and sentences are AFFIRMED in all other respects." United States v. Miller, 84 F.3d 1244, 1263 (10th Cir.), cert. denied, ___ U.S. ___, 117 S. Ct. 443 (1996), overruled by United States v. Holland, 116 F.3d 1353 (10th Cir.), cert. denied, ___ U.S. ___, 118 S. Ct. 253 (1997). The mandate directed the trial court to take further proceedings in accordance with that judgment. See Judgment, United States v. Hicks, No. 95-3045 (10th Cir. May 20, 1996). There is nothing ambiguous about that judgment. Unless reviewed on certiorari by the Supreme Court or on a timely-filed motion

for reconsideration, the above-quoted language was, and remains, a final judgment.

Contrary to the majority opinion, _see_ _ante_, at 8, I find a significant difference between the mandate in _United States v. Smith_, 82 F.3d 1564, 1568 (10th Cir. 1996), and the mandate in this case. In _Smith_, the mandate set aside the firearm conviction and sentence but did not mention the remaining drug conviction. _See_ _id._ With our statement in this case that Defendant's "convictions and sentences are AFFIRMED in all other respects," we clearly and unmistakably affirmed the final judgment on all the counts except the firearm count. _Miller_, 84 F.3d at 1263. We emphasized that fact by stating that both the convictions and sentences were affirmed "in all other respects." _Id._ We did not say "in most other respects" or "unless the government or the trial court wants to change those judgments." Nor were we silent about the scope of remand, as the majority opinion maintains. _See_ _ante_, at 9. The instruction regarding the other convictions and sentences was direct and specific. "AFFIRMED in all other respects" meant that those convictions and sentences were final and should stand as rendered by the district court before we reviewed them. _Miller_, 84 F.3d at 1263. The distinct treatment of, and language relating to, the firearm count versus the other counts further reinforces the finality of the judgment. Our final determination upon appeal was that we concurred in the correctness of those convictions and

-2-

sentences. This is not a case "where the appellate court has not specifically limited the scope of the remand," allowing the district court "discretion to expand the resentencing beyond the sentencing error causing the reversal." United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996).

The majority holds that

> after we vacate a count of conviction that is part of a multi-count indictment, a district court "possesses the inherent discretionary power" to resentence a defendant on the remaining counts de novo unless we impose specific limits on the court's authority to resentence. Moore, 83 F.3d at 1235. Simple commands such as "vacate," "set aside," and "affirm" are not sufficiently specific to limit that power.

Ante, at 9. The majority is saying that we did not enter a final judgment as to the convictions and sentences that we "AFFIRMED in all other respects," Miller, 84 F.3d at 1263, on direct appeal and to which we denied a petition for rehearing. See id. at 1244. To highlight the flaws in this holding, consider this scenario. On remand, immediately after the 18 U.S.C. § 924 conviction and sentence were reversed and vacated, the trial judge dies. The case is reassigned to a judge well known for exercising her discretion at the bottom of the range in similar cases. Does the court really mean to suggest that the defendant can ask the trial judge to find the enhancement inappropriate, exercise her discretion and *reduce* the sentences to the bottom of the range, or reconsider whether the government has sustained its burden on all the sentencing factors? Such is the inevitable force of

-3-

the majority's decision, unless the court is saying, without any authority to suggest that judgments are less binding on the government than on defendants, that our judgment was final as to the defendant, but not as to the government.

There is sound reason for the body of law concerning the finality of judgments. As the Supreme Court explained, "'Inroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." Custis v. United States, 511 U.S. 485, 497 (1994) (quoting United States v. Addonizio, 442 U.S. 178, 184 n.11 (1979)). There is no compelling reason to undermine the concept of finality as the majority's decision does in favor of the fiction called "bundling" and in order to stack on some additional prison time for a man who will be incarcerated for the better part of 15 years.

I would reverse and remand with directions to vacate this new and enhanced sentence, and reinstate the sentence previously entered and made final on appeal by this court's judgment.