F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

CALVIN DEAN PETERS,

    Defendant - Appellant.

No. 00-2095
(D.C. No. CIV-99-623-SC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Calvin Dean Peters, an inmate appearing pro se, seeks to appeal from the dismissal of his motion under 28 U.S.C. § 2255. Upon the recommendation of the magistrate judge, the district court denied the motion, dismissed the case with prejudice, and denied a certificate of appealability. Mr. Peters was convicted of one count of aggravated sexual abuse on an Indian

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Reservation, 18 U.S.C. §§ 1153, 2241 & 2245(2)(A) (1990), and one count of aggravated burglary on an Indian Reservation, 18 U.S.C. § 1153 (1990) & N.M. Stat. Ann. § 30-16-4(C) (1990). He was sentenced on November 1, 1996, to 210 months imprisonment and 5 years supervised release, to be served consecutive to a 1990 state sentence of 92 years imprisonment for aggravated burglary, kidnapping and criminal sexual penetration of two state victims. Mr. Peters claims ineffective assistance of counsel in connection with: (1) counsels' failure to adequately investigate and present an alibi defense; (2) one attorney's "conflict of interest;" and (3) counsels' failure to raise certain objections at sentencing.

In support of his application, Mr. Peters asserts that the district court (1) made erroneous factual findings; (2) abused its discretion by refusing to hold an evidentiary hearing and by denying his motion for appointed counsel; (3) erred in concluding that petitioner's sentencing-related claims had already been addressed by the Tenth Circuit in his direct appeal; and (4) applied the wrong legal standard to his "conflict of interest" ineffective assistance claim. We have carefully reviewed petitioner's motions and supporting memoranda and conclude that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore deny his application for a certificate of appealability.

Claims of ineffective assistance of counsel are mixed questions of law and

fact which we review de novo. See United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997). We find no error. Nor did the court abuse its discretion by denying petitioner's requests for an evidentiary hearing and for appointed counsel. See Johnson v. Gibson, 169 F.3d 1239, 1253 (10th Cir.), cert. denied, 120 S. Ct. 415 (1999); Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Further, we agree that two of Mr. Peters' three sentencing-related claims have already been considered by the Tenth Circuit in his direct appeal. See United States v. Peters, No. 96-2286, 1998 WL 17750, at *4 (10th Cir. Jan. 20, 1998), cert. denied, 524 U.S. 961 (1998).

Mr. Peters' third sentencing-related ineffective assistance claim is based on the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. In pertinent part, the ACA provides that Mr. Peters' federal sentence for aggravated burglary under 18 U.S.C. § 1153 may not exceed the maximum punishment allowable for aggravated burglary under New Mexico law at the time of sentencing. See United States v. Hicks , 146 F.3d 1198, 1200 n.2 (10th Cir.),    cert. denied , 525 U.S. 941 (1998) (holding that defendant must be sentenced under guidelines in effect at time of sentencing); United States v. Garcia, 893 F.2d 250, 254 (10th Cir. 1989) ("[T]he Assimilative Crimes Act requires courts to impose sentences for assimilative crimes that fall within the maximum and minimum terms established by state law."). Defendants convicted under federal law, including § 13 or § 1153 of title

18, must be sentenced in accordance with the sentencing guidelines. 18 U.S.C. § 3551(a). Neither the ACA nor § 3551(a) prohibits the imposition of consecutive sentences, nor is Mr. Peters' federal sentence otherwise inconsistent with the ACA or the sentencing guidelines.

Finally, we agree with the district court's resolution of petitioner's ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668, 687 (1984). The fact that Mr. Peters' second ineffective assistance claim alleged that the busy trial schedule of one of his attorneys created a "conflict of interest" does not bring that claim within the scope of Cuyler v. Sullivan, 446 U.S. 335 (1980). See United States v. Zackson, 6 F.3d 911, 921 (2d Cir. 1993) ("In order to classify [a busy schedule] as a per se sixth amendment violation, we would have to conclude that virtually all busy defense attorneys . . . who have more than one client . . . are inherently incapable of providing an adequate defense . . . .").

Petitioner's application for a certificate of appealability is DENIED, and the appeal is DISMISSED. All pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge