**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 11 2002**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHNNY BAZILE, JR.,

     Defendant-Appellant.

No. 01-5028
(D.C. No. 99-CR-27-K)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, Circuit Judges, **McWILLIAMS**, Senior Circuit Judge.

In a six-count indictment, Johnny Bazile, Jr. ("Bazile") was charged as follows:

Count 1, a Hobbs Act robbery on December 11, 1998, of the Dirts Away Carwash in

Broken Arrow, Oklahoma, in violation of 18 U.S.C. § 1951; Count 2, using and carrying

a firearm during and in relation to the robbery charged in Count 1, in violation of 18

U.S.C. § 924(c); Count 3, a Hobbs Act robbery of the Silver Dollar Jewelry & Pawn in

Tulsa, Oklahoma, on December 23, 1998, in violation of 18 U.S.C. § 1951; Count 4,

using and carrying a firearm during and in relation to the robbery charged in Count 3, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 18 U.S.C. § 924(c); Count 5, a Hobbs Act robbery on January 24, 1999, of the Extended Stay America Motel in Tulsa, Oklahoma, in violation of 18 U.S.C. § 1951; and Count 6, using and carrying a firearm during and in relation to the robbery charged in Count 5, in violation of 18 U.S.C. § 924(c). Bazile pleaded guilty to Counts 2 and 4. (There was no plea agreement.) Bazile went to trial on Counts 1, 3, 5 and 6. A jury convicted him on counts 3, 5 and 6. Count 1 was dismissed during trial.

The district court thereafter sentenced Bazile as follows: Count 2, imprisonment for 60 months; Count 3, imprisonment for 137 months; Count 4, life imprisonment; Count 5, imprisonment for 137 months; and Count 6, imprisonment for 300 months. In so doing, the district court ordered that the two robbery sentences (Counts 3 and 5) be served concurrently with each other and that the three sentences imposed on Counts 2, 4 and 6 (using and carrying a firearm during and in relation to a Hobbs Act robbery) were to run consecutively to the robbery counts and consecutively to each other. Such resulted in a total sentence of imprisonment for life plus 497 months.

Bazile appealed the sentence imposed on Count 4, namely life imprisonment. U.S.S.G. § 2K2.4(a), at that time, provided that the term of imprisonment for one convicted under 18 U.S.C. § 924(c) was the "term of imprisonment required by statute." On appeal, we held that the district court was not "required" under 18 U.S.C. § 924(c)(1)(C) to sentence Bazile to life imprisonment on Count 4, but was only "required" to sentence him to 25 years imprisonment. *United States v. Bazile,* 209 F.3d 1205 (10th

Cir. 2000)("*Bazile I*")[1]  The case was then remanded to the district court "with instructions to vacate the sentence and resentence Mr. Bazile consistent with this opinion."

On remand, the district court, treating our remand in *Bazile I* as a "general remand," as opposed to a "limited remand," resentenced Bazile as follows: on Count 2, imprisonment for 60 months; on Count 3, imprisonment for 235 months; on Count 4, imprisonment for 300 months (25 years); on Count 5, imprisonment for 235 months; and on Count 6, imprisonment for 300 months.  The 235-month sentences on Counts 3 and 5 were to be served concurrently with each other.  The 60-month sentence on Count 2 was ordered to run consecutively to the sentences imposed on Counts 3, 4, 5 and 6.  The 300-month sentence on Count 4 was ordered to run consecutively to the sentences imposed in Counts 2, 3, 5 and 6.  Finally, the 300-month sentence imposed in Count 6 was ordered to run consecutively to Counts 2 through 5.  The total term of imprisonment imposed after remand was 895 months.

On appeal, counsel first argues that ours was a "limited remand" in *Bazile I*, as opposed to a "general remand," and that under our remand the district court was ordered to vacate the life sentence imposed on Count 4 and resentence Bazile to 25 years imprisonment on that count, and that the district court violated our remand order in

---

[1]18 U.S.C. § 924(c)(1)(C) provided as follows:
   In the case of a second or subsequent conviction under this subsection, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years. . . .

resentencing Bazile on Counts 2, 3, 5 and 6. The government's position is that our remand in *Bazile I* was a general remand and that the district court, under the circumstances, did not err in resentencing Bazile on Counts 2, 3, 5 and 6, as well as resentencing him on Court 4.

Our study of this particular matter leads us to conclude that our remand in *Bazile I* was not limited to a resentencing on Count 4. *See United States v. Hicks,* 146 F.3d 1198 (10th Cir. 1998), and the cases cited therein. In *Hicks,* we said that where an appellate court had not "specifically limited" the scope of the remand, a district court generally had discretion to expand the resentencing "beyond the sentencing error causing the reversal." *Id.* at 1200. In that same case, we spoke in connection with the "sentencing package doctrine" as follows:

> Our holding today comports with cases in this Circuit and others applying the "sentencing package" doctrine to cases involving resentencing after a direct appeal. This doctrine generally permits the district court to resentence a defendant on convictions that remain after he succeeds in getting one or more convictions vacated–even if he did not challenge the convictions on which he is resentenced. The Seventh Circuit has described the basis for this doctrine in oft-quoted language:
>
>> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are inter-dependent. When, on appeal, one or more counts of multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of

> convictions underlying some, but not all, of the
> sentence renders the sentencing package
> ineffective in carrying out the district court's
> sentencing intent as to any one of the sentences
> on the affirmed convictions.
>
> Thus, . . . [upon remand] the district court
> ha[s] the authority to reevaluate the sentencing
> package . . . and resentence the defendant to
> effectuate the original sentencing intent.

*Id.* at 1202 (citations omitted).

Accordingly, we hold that the district court did not err when, on remand, in accord with our opinion in *Bazile I,* it not only vacated the life sentence imposed on Court 4 and resentenced Bazile to 300 months on that particular count, but also resentenced Bazile on Counts 2, 3, 5 and 6. Our remand in *Bazile I* was not "specifically limited." We note that on remand the district court imposed the same sentence on Counts 2 and 6, namely, 60 months and 300 months respectively, that it had imposed when Bazile was originally sentenced. As concerns Count 4, the district court, in accord with *Bazile I,* vacated the life sentence and imposed a sentence of 300 months. However, as regards Counts 3 and 5, namely the Hobbs Act robberies of the Silver Dollar Jewelry & Pawn and Extended Stay America Motel, the district court vacated the sentence of 137 months on each, made an "upward departure," and resentenced the defendant on each to 235 months, such sentences to be served concurrently with each other, but consecutively to the sentences imposed on Counts 2, 4 and 6. Counsel points out that if the district court, on remand, had resentenced Bazile only on Count 4, and allowed the original sentences imposed on

Counts 2, 3, 5 and 6 to remain unchanged, the aggregate term of imprisonment would have been 797 months, 98 months less than the term of imprisonment imposed by the district court on remand of 895 months.

After remand, but before resentencing, the government filed a motion for an upward departure pursuant to U.S.S.G. 5K2.0 from the guideline range for Count 4 "because the robbery guideline does not deal with injury to more than one victim, departure would be warranted if several persons were injured." In this latter connection, two victims were shot and injured by Bazile in the Hobbs robbery of the Silver Dollar Jewelry & Pawn. The government accordingly asked that Bazile be resentenced on Count 4 to a term of "life without parole." The government filed a brief in support of its motion.

Bazile filed a response to the government's request for an upward departure, stating, *inter alia,* that the aggravating circumstances in the instant case do not take "the case out of the heartland of cases dealt with by the guidelines," citing *Koon v. United States,* 518 U.S. 81 (1996). After hearing, the district court took the government's motion for a departure under advisement. Incidentally, a revised pre-sentence report was filed after remand.

Resentencing occurred on January 11, 2001. At that time, the district court reaffirmed its earlier determination that ours was a general remand in *Bazile I.* As already indicated, the district court at resentencing did make an upward departure on Count 3, but, did not make an upward departure on Count 4, as sought by the government, and did

- 6 -

not sentence Bazile to "life without parole" on Count 4, but imposed a term of 25 years (300 months) as "required" by 18 U.S.C. § 924(c).

Although the district court did make an "upward departure," its methodology differed from that sought by the government. The district court, because of "multiple victims" in the robbery of the Silver Dollar Jewelry & Pawn, increased Bazile's offense level four levels from 28 to 32. Such, with an adjusted criminal history of V (in the original presentence report it was IV), resulted in a guideline range of 188 months to 235 months. It was on this basis, apparently, that the district court resentenced Bazile to a term of 235 months on Counts 3 and 5, the two Hobbs Act robberies, to be served concurrently.

As a variation of his limited remand argument, Bazile argues that the upward departure which resulted in the sentences on Counts 3 and 5 being increased from 137 months to 235 months was "too much" and should have been less. We do not agree. In *United States v. Collins,* 122 F.3d 1297, 1302 (10th Cir. 1997), we held that under *Koon v. United States,* 518 U.S. 81 (1996), Congress did not intend "to vest in appellate courts wide-ranging authority over district court sentencing decisions" and that Congress, on the contrary, "meant to establish [ ] limited appellate review" where "the district courts retain much of their traditional sentencing discretion."

As concerns the extent of the district court's upward departure, in resentencing Bazile to 235 months on the two Hobbs Act robberies, Counts 3 and 5, the district court

noted that in the robbery of the Silver Dollar Jewelry & Pawn two victims were shot and physically injured by Bazile, and that such was a sufficient aggravating circumstance as to justify the upward departure.[2] Such, in our view, was not an abuse of discretion. *United States v. Neal,* 249 F.3d 1251, 1254 (10th Cir. 2001). We note that "physical injury to a victim" is not an essential element of either 18 U.S.C. § 1951 or 18 U.S.C. § 924(c). The guidelines encourage an upward departure where there are multiple victims with physical injuries. U.S.S.G. 5K2.0. "Multiple victims" means more than one "victim." *United States v. Hawkins,* 87 F.3d 722 (5th Cir. 1996); *United States v. McGraw*, 959 F.2d 242 (9th Cir. 1992). There were two victims in the Hobbs robbery of the Silver Dollar Jewelry & Pawn who suffered physical injury. Further, we are not persuaded that the "methodology" used by the district court violates any statute or guideline.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

[2] It is agreed that in the robbery of the Silver Dollar Jewelry & Pawn (Count 3) Bazile shot and injured two persons, the owner, Tim Clark, Sr., and an employee, Harmon Welsh. Clark was shot in the chest, and Welsh was shot once in the hand and once in the chest. Such, as we read it, was the basis for the district court's upward departure. We reject counsel's suggestion that the district court based its upward departure, at least in part, because of psychological injury possibly suffered by a Mr. Bennett in the robbery of Dirts Away Carwash (Count 1).