F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL RAY HICKS,

      Defendant - Appellant.

No. 02-3241
D.C. No. 01-CV-3462-DES and
94-CR-10058-DES
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Defendant Michael Ray Hicks, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2255 motion to vacate, set aside, or correct sentence. Because we agree with the district court that Hicks' motion is time-barred, we deny the request for a COA and dismiss the appeal. See 28 U.S.C. § 2253(c) (indicating "appeal may not be taken" without a COA).

Hicks was convicted of several drug-related crimes in 1994 and was sentenced to 248 months' imprisonment. On direct appeal, we vacated his conviction and sentence for using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). United States v. Miller, 84 F.3d 1244, 1248, 1263 (10th Cir. 1996). On remand, the district court resentenced Hicks on the remaining offenses to 235 months' imprisonment, and we affirmed. United States v. Hicks, 146 F.3d 1198 (10th Cir. 1998). The Supreme Court denied certiorari on October 13, 1998. Hicks v. United States, 525 U.S. 941 (1998).

Hicks filed his § 2255 motion on November 27, 2001, asserting (1) he was resentenced outside the applicable guideline range; (2) the court erred in calculating his criminal history category; and (3) his sentence was in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because there was no jury finding regarding the applicable quantity of drugs. The district court dismissed the motion as time-barred, but did not address whether a COA was warranted.[1] Therefore, the district court is deemed to have

---

[1] On May 20, 2002, Hicks filed a motion to add a claim (i.e., his sentence for possession with intent to distribute methamphetamine was in excess of the statutory maximum). The district court treated the motion as a "second or successive" § 2255 motion and transferred it to this court. We denied the motion on August 8, 2002.

denied a COA and we construe Hicks' notice of appeal as a renewed application for a COA.  See United States v. Gordon, 172 F.3d 753, 753-54 (10th Cir. 1999).

Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner's entitlement to a COA hinges on his ability to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Because we dispose of Hicks' request for a COA on the basis of the procedural ruling, we need not reach the merits of the substantive claims in his motion.

Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion" filed under that section.  The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

We conclude, as did the district court, that subsections (2) through (4) are inapplicable here.  No government impediments to filing are alleged, nor are Hicks' claims based on newly discovered facts.  Although his motion asserted an Apprendi claim, we have held

-3-

that <u>Apprendi</u> is not retroactively applicable to initial habeas petitions (including § 2255 motions). <u>United States v. Mora</u>, 293 F.3d 1213, 1219 (10th Cir.), <u>cert. denied</u>, 123 S. Ct. 388 (2002). Therefore, Hicks was required to file his motion within one year of the date on which his judgment of conviction became final. As noted by the district court, that date was the date the Supreme Court denied certiorari -- October 13, 1998. Because Hicks failed to file his § 2255 motion within one year from that date, and because the record demonstrates no basis for equitable tolling, Hicks' motion was untimely.

The application for a COA is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge