FILED
United States Court of Appeals
Tenth Circuit

December 12, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBBY ALAN MURPHY,

      Defendant - Appellant.

No. 16-3255
(D.C. No. 6:15-CR-10053-EFM-2)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **BACHARACH**, Circuit Judges.[**]

In April 2015 Robby Alan Murphy was indicted for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Under the United States Sentencing Guidelines (USSG), a defendant's sentence is enhanced if the "defendant committed any part of the instant offense subsequent to sustaining at

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] This case is submitted on the briefs per the court's October 26, 2017 Order.

least two felony convictions of either a crime of violence or a controlled substance offense." § 2K2.1(a)(2).

Murphy was previously convicted of assaulting a federal officer in violation of 18 U.S.C. § 111(b) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). A violation of § 924(c) "is a crime of violence if the offense of conviction established that the underlying offense was a 'crime of violence.'" USSG § 4B1.2, comment. (n.1). The parties agree the offense underlying Murphy's § 924(c) conviction is Hobbs Act Robbery under 18 U.S.C. § 1951.

The presentence investigation report (PSR) enhanced Murphy's putative sentence because it concluded both of his prior convictions qualified as crimes of violence. Murphy objected to the PSR, claiming neither conviction constituted a crime of violence.

At a status conference, the district court considered Murphy's objections to the PSR. The district court recognized the crimes-of-violence jurisprudence is an "evolving" area in which the ground was "shifting beneath" them. R., Vol. 3 at 231–24. Nonetheless, the district court held assaulting a federal officer in violation of § 111(b) and Hobbs Act both qualified as crimes of violence.

The district court's observation that the ground was shifting beneath them proved prophetic. After the district court's decision, our circuit determined whether both of these statutes qualify as crimes of violence.

In *United States v. Kendall*, we held convictions under 18 U.S.C. § 111(b) qualify as crimes of violence. No. 16-6344 (10th Cir. filed Dec. 11, 2017). There, we explained how § 111(b) can be violated in two ways—by an assault that causes a bodily injury or an assault with a deadly weapon. *Id.* We concluded § 111(b) constitutes a crime of violence because violating the subsection in either manner will always involve the use, attempted use, or threatened use of violent force capable of causing physical pain or injury to another person. *Id.*

But in *United States v. O'Connor*, we held that Hobbs Act Robbery under 18 U.S.C. § 1951 does *not* constitute a crime of violence. 874 F.3d 1147, 1153–59 (10th Cir. 2017). There, we explained how Hobbs Act Robbery "can be accomplished by threats to property . . . ." *Id.* at 1158. We thus concluded that Hobbs Act Robbery does not qualify as a crime of violence because every conviction for violating the statute will not involve the use, attempted use, or threatened use of violent force capable of causing physical pain or injury to another *person*. *Id.*

The district court therefore correctly concluded Murphy's conviction under 18 U.S.C. § 111(b) qualifies as a crime of violence, but erred by concluding his conviction under § 1951 likewise qualifies as a crime of violence. Because Murphy was previously convicted of one—not two—crimes of violence, the PSR

incorrectly set his base level offense at 24 pursuant to USSG § 2K2.1(a)(2).[1]  We accordingly vacate Murphy's sentence and remand for resentencing in accordance with this opinion.[2]

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

---

[1]  The government claims Murphy forfeited his argument that Hobbs Act Robbery does not constitute a crime of violence.  Before the district court, Murphy's counsel argued Hobbs Act Robbery does not qualify as a crime of violence because it "can be committed without any violence towards any person." R., Vol. 3 at 419.  Yet in his brief on appeal, counsel argued Hobbs Act Robbery does not constitute a crime of violence because a conviction can be based on force used against property.  The government claims the slight difference between these arguments demonstrates Murphy forfeited his property-based argument.

We disagree.  When Murphy claimed Hobbs Act Robbery can be committed without violence towards a person, it is "hard to understand what else" he could have meant besides the fact that Hobbs Act Robbery can be committed by applying force to something else—namely, property.  Reply Br. at 4.

[2]  In his opening brief, Murphy argues that if we remand for resentencing, "the district court should be free to reconsider its earlier sentencing decision on the leader/organizer enhancement."  Aplt. Br. at 31 n.5.  We agree the district court has discretion to "expand the scope of resentencing beyond the issue that resulted in the reversal and vacation of [the] sentence." *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir. 1996); *see United States v. Hicks*, 146 F.3d 1198, 1200–03 (10th Cir. 1998).

-4-