**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATHEW B. CLARK,

    Defendant - Appellant.

No. 18-3132
(D.C. No. 2:16-CR-20078-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.
_____

Defendant Mathew B. Clark pleaded guilty in the United States District Court for

the District of Kansas to five counts in an indictment against him:  Count 1, possessing

five or more grams of methamphetamine with intent to distribute, *see* 21 U.S.C.

§ 841(a)(1), (b)(1)(B)(viii); Count 2, maintaining a residence for the purpose of storing,

distributing, and using methamphetamine, *see id.* § 856(a)(1), (2); Count 3, possessing

firearms in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c); Count 4, felon

in possession of a firearm, *see id.* §§ 922(g)(1), 924(a)(2); and Count 5, unlawful user of

a controlled substance in possession of a firearm, *see id.* §§ 922(g)(3), 924(a)(2).  The

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced him to concurrent terms of 210 months each on Counts 1, 2, 4, and 5, and five years on Count 3, to run consecutively to the other sentences.

On appeal Defendant raises three arguments: (1) his within-guideline sentence was substantively unreasonable because the sentencing guideline for methamphetamine was unreasonable in the context of his case; (2) the district court's findings on the quantity and purity of the methamphetamine seized from his home violated the due-process, notice, and jury provisions of the Fifth and Sixth Amendments; and (3) his sentences on Counts 4 and 5 exceeded the statutory maximum. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

As the government concedes, Defendant's third challenge has merit. Under 18 U.S.C. § 924(a)(2), the maximum sentence is 10 years' imprisonment for a violation of 18 U.S.C. § 922(g). We therefore must vacate Defendant's sentences and remand for resentencing. Under the sentencing-package doctrine, "after we vacate a count of conviction that is part of a multicount indictment, a district court possesses the inherent discretionary power to resentence a defendant on the remaining counts *de novo* unless we impose specific limits on the court's authority to resentence." *United States v. Hicks*, 146 F.3d 1198, 1202 (10th Cir. 1998) (internal quotation marks omitted). Because the district court will have the discretion to reconsider Defendant's entire sentencing package, we need not address the other issues Defendant raises here as they may be mooted on remand. Our remand is without prejudice to Defendant's post-briefing claim that he is entitled to relief under the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

We **VACATE** the district court's sentence and **REMAND** for resentencing. We **DENY** Defendant's Motion for Leave to File Supplemental Brief and Motion to Supplement Record.

Entered for the Court

Harris L Hartz
Circuit Judge