45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Joseph LUCAS, Defendant-Appellant.
 No. 94-7031.
 United States Court of Appeals, Tenth Circuit.
 Jan. 10, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 John Joseph Lucas appeals his conviction and sentence for bank robbery. Through counsel, Mr. Lucas urges two grounds for reversal. He claims that because his motion for a continuance was denied, his counsel was unable to adequately prepare for a surprise government witness and for the changed testimony of another government witness, which rendered his counsel's effectiveness constitutionally insufficient. We hold that the district court did not abuse its discretion in denying the motion for continuance. Further, we do not conclude that counsel's performance was constitutionally deficient. We do not ordinarily review ineffectiveness of assistance claims on direct appeal, although in some cases such a review is appropriate. Beaulieu v. United States, 930 F.2d 805, 807 (10th Cir.1991); United States v. Mejia-Alarcon, 995 F.2d 982, 992 (10th Cir.1993). Here, the record is sufficient to review this claim.
 
 
 3
 "To prove a claim of ineffective assistance of counsel, [the defendant] must show that counsel's performance was deficient and prejudicial." Id. See Strickland v. Washington, 466 U.S. 668 (1984). Mr. Lucas has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness or that the outcome might have been different if not for counsel's inadequacy. United States v. Maxwell, 966 F.2d 545, 547-48 (10th Cir.1992).
 
 
 4
 Mr. Lucas also contends that the trial court abused its discretion by allowing a lay witness who was familiar with the defendant to identify him from a bank surveillance photograph. This was within the discretion of the trial court. We cannot find that this relevant evidence was unduly prejudicial in light of the three eyewitnesses who were able to identify Mr. Lucas from a photographic lineup and at trial.
 
 
 5
 On September 22, 1994, Mr. Lucas filed a pro se request to file a supplemental brief raising unidentified issues. That motion was granted on October 24, 1994. No supplemental brief has been filed pursuant to that granted request. We therefore consider the proposed but unidentified issues waived.
 
 
 6
 The judgment and conviction are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470