F I L E D
United States Court of Appeals
Tenth Circuit

JAN 8 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN JOSEPH LUCAS,

Defendant-Appellant.

No. 98-7031

(D.C. CR-93-33-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

John Joseph Lucas was convicted by a jury of robbing a federally insured financial institution, in violation of 18 U.S.C. § 2113(a), and using a firearm in commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced him to 78 months on the robbery charge and 60 months on the firearm charge, to be served consecutively. He appealed his convictions and sentences to this court, alleging (1) that he was deprived of effective assistance of counsel by the district court's denial of a motion for a continuance, and (2) that the district court erred in admission of certain evidence. This court affirmed the convictions and sentences. See United States v. Lucas, No. 94-7031, 1995 WL 8852 (10th Cir. Jan. 10, 1995). Through his trial and all subsequent appeals to date, Mr. Lucas has been represented by count-appointed counsel, Gene Primomo.

In 1997, Mr. Lucas filed a motion to set aside the conviction on the 924(c) charge in light of the decision in Bailey v. United States, 116 S.Ct. 501 (1995). The district court granted the motion and vacated the conviction, concluding that the Bailey decision established that the jury had been erroneously instructed as to the elements of the § 924(c) offense.

In calculating Mr. Lucas' original sentence for the robbery charge under the United States Sentencing Guidelines, the district court had accepted the recommendation of the presentencing report not to impose the five-level increase

2

in the base offense level for brandishing a firearm. <u>See</u> U.S.S.G. § 2B3.1(b)(2)(C). This recommendation was made to avoid double counting as a result of Mr. Lucas' separate conviction under § 924(c). <u>See</u> U.S.S.G. § 2K2.4, cmt. n. 2. Having vacated Mr. Lucas' conviction on the §924(c) charge, the district court ordered an amended presentencing report. The amended report recommended imposing the five point increase in the offense level for Mr. Lucas' robbery conviction because he brandished a gun during that offense.

Prior to his re-sentencing hearing, Mr. Lucas filed a pro se brief seeking appointment of new counsel, alleging that on the basis of having previously alleged his own ineffective assistance on appeal, Mr. Primomo, his lawyer, was no longer competent, or was too conflicted, to represent him. The district court found no basis for this assertion and thus denied the motion. Furthermore, Mr. Lucas objected to the amended presentence report on the grounds that increasing a sentence on the grounds of a conviction previously vacated would raise double jeopardy and fundamental fairness concerns, and that there was insufficient evidence to support the enhancement for brandishing a firearem. The district court overruled that objection. It found by a preponderance of the evidence that Mr. Lucas had brandished a gun during the offense, and that the five point increase in the offense level was thus warranted. Mr. Lucas' sentence on the robbery charge was amended accordingly.

3

Mr. Lucas now appeals on the grounds that the district court erred in not further investigating the alleged conflict between Mr. Lucas and his lawyer and that Mr. Primono's representation of him during the re-sentencing was ineffective. He seeks alternative kinds of relief: (1) appointment of a new lawyer on appeal; or, (2) vacation of his sentence, with remand for re-sentencing and representation by different counsel. Mr. Lucas' lawyer, Mr. Primomo, has filed a motion to withdraw supported by a brief in accordance with Anders v. California, 386 U.S. 738 (1967). His brief argues that any appeal from the re-sentencing would be frivolous.

We grant his motion and affirm.

## II. DISCUSSION

We begin with the argument that the district court erred in finding no conflict of interest between Mr. Lucas and Mr. Primomo.

A. Alleged Conflict of Interest

"In reviewing a ineffective assistance of counsel claim based upon a conflict of interest, we review the district court's determination of whether an actual conflict existed de novo, and we review the district court's factual findings under a clearly erroneous standard." United States v. Gallegos, 108 F.3d 1272,

4

1279 (10th Cir. 1997).

This Court has acknowledged that an attorney may abandon his duty of loyalty to his client through a variety of conflicts, including those engendered by multiple representation, by an attorney's loyalty to an employer or to the government, and by the attorney's personal interests. Osborn v. Shillinger, 861 F.2d 612, 625 (10th Cir. 1988). "Whether the attorney is influenced by loyalties to other defendants, third parties, or the government, 'if [he] entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights.'" Osborn v. Shillinger, 861 F.2d 612, 625 (10th Cir. 1988) (quoting United States v. Cronic, 466 U.S. 648, 659 (1984)).

Here, Mr. Lucas's allegation that Mr. Primomo had a conflict of interest is based on Mr. Primomo's contention in the previous appeal that, as a result of the district court's refusal to grant a continuance, he was unprepared to adequately represent his client. We rejected that argument in our prior order and judgment in this case. See Lucas, 1995 WL 8852, at **1 ("Mr. Lucas has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness or that the outcome might have been different if not for counsel's inadequacy."). Moreover, until Mr. Lucas's pro se motion before the re-sentencing hearing, no one had alleged that Mr. Primomo had ineffectively

5

assisted Mr. Lucas because of a conflict of interest. To the contrary, Mr. Primomo had alleged in the direct appeal that it was a decision of the district court (the denial of a motion for continuance) that rendered him unable to effectively assist Mr. Lucas at trial. Far from establishing a conflict, the length to which Mr. Primomo went in the appeal in representing Mr. Lucas – describing his own performance as ineffective – indicates a willingness to zealously assist in Mr. Lucas's defense. Accordingly, the district court did not err in finding that Mr. Primomo "did as good a jab [sic] as I know anybody could do." Tr. of Resentencing (January 30, 1998).

We therefore conclude that there was no conflict hindering Mr. Primomo's representation of Mr. Lucas.


B. Alleged Ineffective Assistance at Re-sentencing

To make a showing of ineffective assistance of counsel sufficient to merit vacating a sentence, Mr. Lucas must show both that his counsel's assistance was deficient and that the deficiency was so serious as to prejudice the defense. See Strickland v. Washington, 466 U.S. 668, 686 (1984). In the instant case, the only two deficiencies suggested by Mr. Lucas and Mr. Primomo concern Mr. Primomo's failure to challenge the district court's authority to increase the offense level on resentencing. and Mr. Primomo's failure to challenge the

6

evidence that Mr. Lucas brandished a gun during the robbery. The record does not support the contention that Mr. Primomo was deficient in either instance.

As to the first alleged deficiency, we note that the district court's authority to increase the offense level on re-sentencing is established by <u>United States v. Smith</u>, 116 F.3d 857 (10th Cir. 1997). We there held:

> A sentence under the U.S. Sentencing Guidelines constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted. When one of those counts is set aside or vacated, the district court is free to reconsider the sentencing package de novo unless the appellate court specifically limited the district court's discretion on remand.

<u>Smith</u>, 116 F.3d at 859. Because the district court was well within its discretion in increasing the offense level of the robbery charge on re-sentencing., Mr. Primomo's failure to challenge the court's authority did not constitute deficient performance.

As to the second alleged deficiency – Mr. Primomo's failure to make an evidentiary objection, we note that the evidence that Mr. Lucas brandished a firearm during the robbery was clearly sufficient to support the increase in the offense level under U.S.S.G. § 2B3.1(b)(2)(C). The original presentence report stated that "[Mr. Lucas] produced a blue steel revolver and laid it on the counter at the victim teller's window." <u>See</u> Presentence Report (January 10, 1994). At trial, the victim bank teller testified that Mr. Lucas had told her he had a gun and

7

then laid the gun on the counter before her.  <u>See</u> Rec vol III at 18.  This testimony supports the district court's finding that Mr. Lucas brandished a firearm during the robbery.  There is no indication that an objection from Mr. Primomo at re-sentencing would have been merited.  Thus. Mr. Primomo's failure to object to the evidence did not constitute deficient performance.

Accordingly, we GRANT Mr. Primomo's motion to withdraw and AFFIRM the order of the district court.

Entered for the Court,

Robert H. Henry
Circuit Judge