UNITED STATES of America,
Plaintiff–Appellee,

v.

Lloyd L. BAXTER, Defendant–Appellant.

No. 93–5222.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 29, 1993.

Decided March 22, 1994.

**ARGUED:** Robert Stanley Powell, Powell & Colton, P.C., Alexandria, VA, for appellant.

Donald Campbell Lockhart, Trial Atty., Crim. Div., U.S. Dept. of Justice, Washington, DC, for appellee.

**ON BRIEF:** Kenneth E. Melson, U.S. Atty., Crim. Div., U.S. Dept. of Justice, Washington, DC, for appellee.

Before MURNAGHAN and HAMILTON, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

PER CURIAM:

On September 12, 1992, United States Park Police officers arrested appellant Baxter and charged him with possession of various controlled substances as he sat smoking marijuana in a van parked along the George Washington Memorial Parkway. On October 26, 1992, the government filed a nine-count criminal information charging Baxter with various violations of 36 C.F.R. § 2.35(b)(2), which prohibits possession of a controlled substance on federal park lands.[1] The next day, Magistrate Judge Poretz, of the Eastern District of Virginia, accepted Baxter's guilty plea to counts three and four of the information, charging Baxter with possession of cocaine and Tylox. Over the government's objection, the magistrate judge placed Baxter

---

1. That document was entitled a Second Superseding Criminal Information; it superseded two prior criminal informations, one filed on September 14, 1992, and the other filed on September 16, 1992, both charging Baxter with violations of 21 U.S.C. § 844 with regard to the alleged September 12, 1992, offense.

on special probation pursuant to 18 U.S.C. § 3607, which provides for the dismissal of the charge within one year without an adjudication of guilt if the defendant violates no other laws.

The government appealed that sentence to the district court, arguing that special probation under 18 U.S.C. § 3607(a) was not available to persons convicted under 36 C.F.R. § 2.35(b)(2); but rather applied only. to convictions obtained under 21 U.S.C. § 844. In an oral opinion issued on January 22, 1993, Chief District Judge James Cacheris agreed with the government's argument, reversed the decision of the Magistrate Judge, and remanded the case to the magistrate judge for resentencing. Upon resentencing, the magistrate judge entered, on February 17, 1993, a judgment of conviction in Baxter's case on the two original counts and sentenced Baxter to two concurrent twelve-month terms of supervised probation, conditioned by drug testing at the direction and discretion of the probation office, and also assessed ten dollars against Baxter for each of the two counts.

In the within appeal, Baxter challenges both the district court's Judgment and Order of January 22, 1993, and the magistrate judge's judgment of conviction and sentence of February 17, 1993. Because we decide that this Court lacks jurisdiction to review the decision of either the district court or the magistrate judge, we do not reach the merits of this appeal.

■■■ Neither of the parties has raised or briefed the existence of jurisdiction, *vel non* of this appellate court to entertain the within appeal. Nevertheless, we are obligated to raise the matter on our own motion. *See* 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3905 (2d ed. 1992) and cases cited therein. Although Baxter attempts to bring this appeal within and pursuant to 28 U.S.C. § 1291, that section only extends the jurisdiction of the Courts of Appeals to final decisions from the District Courts.[2] "A 'final

decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 199, 108 S.Ct. 1717, 1720, 100 L.Ed.2d 178 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). In criminal proceedings, sentencing is the final decision, before which litigation has not ended. *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 165, 82 L.Ed. 204 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") District court orders which reverse and remand for further proceedings are generally not considered final orders. *See* 4 Am.Jur.2d *Appeal and Error* § 59, at 580–81 (1962) and cases cited therein. Such orders are deemed final only in limited circumstances, where the order imposes only ministerial duties on the lower tribunal. *See, e.g., Gulf Refining Co. v. United States,* 269 U.S. 125, 46 S.Ct. 52, 70 L.Ed. 195 (1925). Although Chief Judge Cacheris found as a matter of law that 36 C.F.R. § 2.35(b)(2) does not permit the sentence originally imposed, he did not direct any particular sentence when he remanded Baxter's case for resentencing. Because Magistrate Judge Poretz was given, pursuant to Judge Cacheris' action, full discretion to determine Baxter's sentence, the Magistrate Judge possessed discretionary authority, not simply the duty to perform a ministerial act. The district court's order to remand did not constitute a final decision, therefore, we lack jurisdiction over Baxter's within appeal, if we consider it an appeal, from the district court's January 22, 1993, actions.

■■■ We also lack jurisdiction over Baxter's within appeal, if we view it as an appeal, from Magistrate Judge Poretz's decision of February 25, 1993. Federal statutes, federal rules of criminal procedure, and case law all provide that a federal magistrate's judgment of conviction and sentence may *only* be appealed to a federal district court. *See* 18 U.S.C. § 3402 ("In all cases of conviction by

---

**2.** 28 U.S.C. § 1291 provides in pertinent part: The courts of appeals ... shall have jurisdiction of appeals from *all final decisions* of the district courts of the United States ... except

where direct review may be had in the Supreme Court.
(emphasis added).

a United States magistrate an appeal of right shall lie from the judgment of the magistrate to a judge of the district court of the district in which the offense was committed"); Federal Rule of Criminal Procedure 58(g)(2);[3] *Midway Mfg. Co. v. Kruckenberg,* 720 F.2d 653, 654 (11th Cir.1983). To have appealed properly from the magistrate judge's decision, Baxter should have appealed to the district court below, not to this court. Accordingly, Baxter's within appeal is hereby dismissed.

*DISMISSED.*

**3.** Rule 58(g)(2) provides in pertinent part:
   (B) Appeal From Conviction or Sentence. An appeal from a judgment of conviction or sentence by a magistrate to a judge of the district court shall be taken within 10 days after entry of the judgment. . . .

   . . . .

   (D) Scope of Appeal. The defendant shall not be entitled to a trial de novo by a judge of the district court. The scope of the appeal shall be the same as an appeal from a judgment of a district court to a court of appeals.