**UNITED STATES of America,**

v.

**Marcus HAZELTON, Defendant.**

**No. CR. 03–193–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 28, 2003.

Charles T. Baisly, AUSA, United States Attorney's Office, Alexandria, for Plaintiff or Petitioner.

Suzanne Little, AFPD, Office of the Federal Public Defender, Alexandria, for Defendant or Respondent.

### MEMORANDUM OPINION

BRINKEMA, District Judge.

Before the Court is the government's appeal of a magistrate judge's order. The defendant, Marcus Hazelton, plead guilty to possession of marijuana in violation of 21 U.S.C. § 844 on February 4, 2003. On April 21, 2003, the magistrate judge ordered that the defendant serve one year of pre-judgment probation pursuant to 18 U.S.C. § 3607. The government has appealed that order, arguing that the defendant was ineligible for disposition under § 3607. The defendant asserts that this Court lacks jurisdiction to consider this appeal at this time because the magistrate judge's order is not final and appealable. For the reasons set forth below, we find

that the defendant is correct. Therefore, the appeal will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Factual Background

On October 22, 2002, Officer Cecil S. Richardson of the Defense Protective Service stopped Hazelton for operating a car that did not display a front license plate. After stopping the defendant, the officer detected the odor of marijuana and asked for permission to search the car. Hazelton consented to the search, which revealed a small bag of marijuana. Hazelton was later charged by a criminal information with misdemeanor possession of marijuana in violation of 21 U.S.C. § 844. On February 4, 2003, Hazelton appeared before a magistrate judge with counsel and plead guilty to the one-count criminal information. The case was continued for sentencing and a Presentence Report ("PSR") was requested.

The PSR revealed that, in 1998 in the District Court of Charles County, Maryland, Hazelton was found guilty of possession of marijuana. On October 9, 1998, Hazelton was sentenced under Maryland state law to three years of probation before judgment. He successfully completed that term of probation on October 9, 2001. The PSR also revealed that, on October 21, 1999 in the Superior Court for the District of Columbia, Hazelton was found guilty of distribution of marijuana and sentenced to one year of probation under that jurisdiction's Youth Rehabilitation Act. D.C.Code § 24–903 (2003). Although the PSR indicated that Hazelton did not successfully complete this probation because he was later convicted of receipt of stolen proper-

ty and unauthorized use of a motor vehicle, the PSR does not indicate whether a formal conviction was ever entered on the marijuana charge.

Before the sentencing hearing at issue in this appeal, defense counsel requested that Hazelton be placed on probation before judgment, pursuant to 18 U.S.C. § 3607. The government filed an opposition, asserting that Hazelton was ineligible because his two prior state court adjudications for drug-related offenses constituted prior convictions.[1] The magistrate judge concluded, however, that a defendant must have both a prior conviction *and* a prior § 3607 disposition to be barred from § 3607 eligibility. Therefore, because Hazelton had not previously been the subject of a disposition under § 3607, the magistrate judge concluded that both disqualifying conditions were not met. Summary of Proceedings at 2. For that reason, he found that Hazelton qualified for § 3607 disposition. Citing Hazelton's good behavior and letters of recommendation, the magistrate judge placed him on pre-judgment probation under § 3607.

In its appeal, the government repeats its argument that Hazelton is ineligible for § 3607 disposition because he has a prior state conviction for a crime related to controlled substances. Specifically, the government asserts that the magistrate judge misinterpreted the language of § 3607 when he held that both conditions must be satisfied before a defendant is ineligible for § 3607 disposition. The government argues that the plain language and legislative history of the statute establish that Congress intended to foreclose from the

---

1. Under § 3607(a), if a person found guilty of an offense described in [21 U.S.C. § 844]—

(1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and

(2) has not previously been the subject of a disposition under this subsection; the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction.

18 U.S.C. § 3607 (2003).

benefits of § 3607 any defendant with either a federal or state court conviction for a crime involving a controlled substance, even if that defendant had never been subject to a § 3607 disposition. Given Hazelton's two dispositions for drug offenses in state court and the indication that the District of Columbia case resulted in a conviction, the government argues that the magistrate judge erred in finding the defendant eligible for § 3607 treatment.

In its Notice of Appeal, the government stated that it takes this appeal pursuant to Rule 58(g)(2) of the Federal Rules of Criminal Procedure. Hazelton responds to that appeal on both procedural and substantive grounds. In his procedural argument, Hazelton claims that the district court lacks jurisdiction to consider the government's appeal at this time because the decision to place Hazelton on probation under § 3607 is neither a final appealable order nor an interlocutory order eligible for appellate review. Because we find the defendant's argument persuasive, we do not address the merits of the appeal at this time.

## II. Discussion

An appeal of a magistrate judge's order in a criminal case is first heard by a district judge pursuant to Rule 58(g)(2) of the Federal Rules of Criminal Procedure, which provides for appeals under two circumstances:

> **(A) Interlocutory Appeal.** Either party may appeal an order of a magistrate judge to a district judge within 10 days of its entry if a district judge's order could similarly be appealed.
> **(B) Appeal from a Conviction or Sentence.** A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 10 days of its entry.

Fed.R.Crim.P. 58 (2003). In its Notice of Appeal, the government did not specify under which portion of Rule 58(g)(2) it sought this appeal. We agree with Hazelton that neither section of Rule 58(g)(2) allows for this appeal.

■ Under Rule 58(g)(2)(A) either party may appeal a magistrate judge's order if a district judge's order could similarly be appealed. Appeals from a district judge's order are governed by 18 U.S.C. § 3731, which outlines the limited range of circumstances under which the government may appeal a decision of a district court in a criminal case. These circumstances are limited to "a decision, judgment or order" dismissing an indictment or information, granting a new trial, suppressing or excluding evidence, requiring the return of seized property, granting the release of a defendant on bond, or revoking or changing the conditions of bond. 18 U.S.C. § 3731. The order at issue in this appeal does not qualify as an appealable order under § 3731 because it does not fit within any of the circumstances listed in § 3731. However, the order will become appealable if the defendant fulfills all the conditions of the pre-judgment probation and the magistrate orders a dismissal of the criminal information.

■ Under Rule 58(g)(2)(B) only a defendant may appeal a magistrate judge's judgment of conviction or sentence. Although the government tries to argue that Rule 58(g)(2)(B) allows for government appeals, the explicit language of the rule defeats that argument.

■ As an alternative to Rule 58(g)(2), the government asserts that it may appeal the magistrate judge's decision under 18 U.S.C. §§ 3742(b) and (g). Under this statute the government may appeal "an otherwise final sentence if the sentence was imposed in violation of law." 18 U.S.C. § 3742(b)(1). The flaw in this argument, as initially admitted by the government, is that an order of probation

before judgment under § 3607 is not "an otherwise final sentence." [2]

A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 199, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (*quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). "In the criminal context, finality comes with the conviction and imposition of sentence." *United States v. Bertoli,* 994 F.2d 1002, 1010 (3d Cir.1993). The plain language of § 3607 makes clear that, when a defendant is placed on pre-judgment probation under § 3607, no judgment of conviction is entered. In fact, Section 3607 explicitly provides that, if a defendant is eligible,

> the court may, with the consent of such person, place him on probation for a term of not more than one year *without entering a judgment of conviction.* At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, *without entering a judgment of conviction,* dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, *without entering a judgment of conviction,* dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565.

18 U.S.C. § 3607(a) (emphasis added). Because an order placing a defendant on

pre-judgment probation does not involve a judgment of conviction, it is not an "otherwise final sentence" and may not be appealed by the government.

■■■ The legislative history of 18 U.S.C. § 3742 also makes clear that an "otherwise final sentence" is a sentence accompanied by a judgment of conviction. The legislative history directs that the phrase "otherwise final sentence" in § 3742 be read in accord with §§ 3562(b), 3572(c), and 3582(b), which concern the reviewability of various criminal sentences.

> Those sections make clear that a sentence to a fine, to a term of imprisonment, or to a term of probation is final except to the extent that it may be modified or corrected through subsequent court action. The committee intends that a sentence be subject to modification through the appellate process, although it is final for other purposes.

S.Rep. No. 225, 98th Congress, 2d Session 15–155 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3337. Therefore, an "otherwise final sentence" is one that is final, except to the extent it might be modified by "subsequent court action" or "the appellate process."

Reading § 3742 in conjunction with 18 U.S.C. §§ 3562(b), 3572(c), and 3582(b) reveals two important aspects of an "otherwise final sentence." First, §§ 3562(b) and 3582(b) define when a judgment of conviction that includes a sentence of imprisonment or probation is final. This suggests that the "otherwise final sentence" appealable under § 3742 must be a conviction that includes a sentence. As

---

**2.** In its Reply Brief, the government states that "[f]or purposes of this appeal, the government concedes the initial imposition of a special pre-judgment probationary sentence pursuant to 18 U.S.C. § 3607 does not constitute an 'otherwise final sentence' under 18 U.S.C. §§ 3742(b) & (g)." Reply at 7. In its

Supplemental Memorandum, however, the government reversed its position and now argues that an order of probation under § 3607 is a final sentence, thereby allowing this Court to exercise jurisdiction over this appeal pursuant to §§ 3742(b) and (g).

explained above, disposition under § 3607 does not, at least initially, include a judgment of conviction.

■ Second, §§ 3562(b), 3572(c), and 3582(b) delineate the few subsequent court actions to which an "otherwise final sentence" might be subject. For example, the statute provides that a judgment of conviction that includes a sentence of probation is a final judgment, notwithstanding the fact that, subsequently, it may be

    (1) modified or revoked pursuant to the provisions of section 3564 or 3565; [3]

    (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

    (3) appealed and modified...pursuant to the provisions of section 3742.

18 U.S.C. § 3562(b). When a defendant is placed on probation pursuant to § 3607, the adjudication of guilt is complete, but the final resolution of the case and imposition of penalty remains subject to significant change. First, if the defendant successfully completes his period of probation, the Court must enter an order dismissing the charges. On the other hand, if the defendant violates the terms of his probation, the Court will enter a judgment of conviction against him, and the defendant is eligible to be sentenced pursuant to 21 U.S.C. § 844 to up to one year of incarceration and fined up to $1,000. Although these outcomes appear, at first, to resemble the termination or revocation of probation under §§ 3564 or 3565, they differ in one important respect: A sentence of probation under § 3562 may be terminated or revoked, but the essential disposition of the defendant's case remains the same, i.e., he remains convicted of the crime charged. As discussed above, an order of probation under § 3607 leaves unresolved whether a final conviction will be entered against the defendant. Thus, it is not merely the defendant's sentence that might be modified depending upon his conduct on probation, but also the final disposition of any conviction.

■ The legislative history of § 3742 makes clear that Congress intended the parties to be able to appeal judgments of conviction and sentences that are subject to modification only in certain limited circumstances. Disposition pursuant to § 3607 does not fit within those limited circumstances. However, if a defendant violates the conditions of his pre-judgment probation, the magistrate judge may revoke the defendant's probation and impose a sentence consistent with 18 U.S.C. § 3553. Such a sentence would be final and appealable pursuant to 18 U.S.C. § 3742. Moreover, as discussed above, once a magistrate judge dismisses the proceedings upon a defendant's successful completion of the term of probation, such an order of dismissal would be appealable pursuant to Rule 58(g)(2)(A) and 18 U.S.C. § 3731.[4]

---

**3.** 18 U.S.C. § 3564 provides for early termination of a sentence of probation and 18 U.S.C. § 3565 provides for revocation of probation in the event the defendant violates a condition of probation.

**4.** As a subsidiary position, the government argues that, although it would not be prejudiced by waiting a year to appeal the magistrate judge's decision, a defendant who wishes to appeal a § 3607 disposition would surely be prejudiced by this ruling. The government poses the hypothetical situation where a defendant pleads not guilty, proceeds

to trial on the charges, and is found guilty. If that defendant were placed on pre-judgment probation, he would be unable to appeal the finding of guilt for a year. The government overlooks the fact that all defendants must consent to § 3607 disposition. 18 U.S.C. § 3607(a). Therefore, a defendant who wished to appeal immediately the finding of guilt in his case would need only to refuse § 3607 treatment. A final conviction and sentence would be immediately imposed and the defendant could appeal both the conviction and sentence. Therefore, we find that

716

III. Conclusion

Because neither § 3742, nor any other legal authority cited by the government,[5] provides a mechanism for the government to appeal the magistrate judge's order at this time, we find the appeal is premature. For these reasons, the government's appeal will be DISMISSED WITHOUT PREJUDICE. An appropriate Order shall issue.

The Clerk is directed to forward copies of this Memorandum Opinion to counsel of record.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the government's appeal be and is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to forward copies of this Order to counsel of record.

---

neither the government nor any defendant would suffer prejudice by our decision.

5. In *United States v. Baxter*, 19 F.3d 155 (4th Cir.1994), the Court of Appeals considered an appeal by a defendant, after a district court judge reversed a magistrate judge's order placing the defendant on pre-judgment probation pursuant to § 3607. The *per curiam* opinion of the Court of Appeals states that after the magistrate judge ordered the defendant be placed on pre-judgment probation,

the government appealed that order to the district court. *Id.* at 156. There is no published opinion of the district court and we cannot determine from the appellate court opinion when the government appealed the magistrate judge's order to the district court. Moreover, it does not appear that the issue of the district court's jurisdiction was ever considered by either the district court or the Court of Appeals. Therefore, *Baxter* provides no guidance on the issue of this Court's jurisdiction in this case.