<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2362**

RAY ELBERT PARKER,

        Plaintiff - Appellant,

     v.

HUNTING POINT APARTMENTS, LLC, a/k/a Bridgeyard Apartments,
a Delaware Corporation affiliate of The Laramar Group, doing
business in Virginia as a foreign LLC; HUNTING POINT
APARTMENTS, LLC (ILLINOIS BASED), a Delaware Corporation
affiliate of the Chicago, Illinois bases, The Laramar Group;
JEFF ELOWE, President/CEO, individually and on behalf of the
Laramar Group officials as follows, Keith Harris, Marc
Jason, Tome Klaess, Steve Boyack, Bennett Neuman, Sr., Ben
Slad, Scott McMillan; GINA MCCARTHY, the Honorable,
Administrator, individually and on behalf of Shawn M. Gavin,
Region 3 Administrator and all Region 3 officials
individually,

        Defendants - Appellees,

     and

IRA LUBERT; DEAN ADLER,

        Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Claude M. Hilton, Senior
District Judge. (1:15-cv-00590-CMH-IDD)

**No. 15-2389**

In Re: RAY ELBERT PARKER,

        Petitioner.

On Petition for Writ of Mandamus.
(1:15-cv-00590-CMH-IDD)

Submitted: March 31, 2016        Decided: April 8, 2016

Before KING and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

No. 15-2362 dismissed and remanded; No. 15-2389 petition denied by unpublished per curiam opinion.

Ray Elbert Parker, Appellant/Petitioner Pro Se. Eric Lawrence Klein, Wilson Parker Moore, Harold L. Segall, BEVERIDGE & DIAMOND, PC, Washington, D.C.; Tasha Victoria Gibbs, Special Assistant United States Attorney, Melissa Elaine Goforth Koenig, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Elbert Parker appeals the magistrate judge's order denying his motion for sanctions (No. 15-2362). Parker addressed his appeal to the district court for consideration, but the district court construed Parker's pleading as a notice of appeal and transmitted the case to this court. Parker also petitions for a writ of mandamus (No. 15-2389), seeking an order from this court voiding his appeal in No. 15-2362 as unauthorized and involuntary.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). Nondispositive matters may be referred to a magistrate judge without the parties' consent. See Fed. R. Civ. P. 72(a). If a party opposes a magistrate judge's order on a nondispositive matter, the party must "file objections to the order within 14 days after being served with a copy." Id. Where, as here, a party timely files objections to a nondispositive order, the district court must review the objections and set aside any portions of the order that are "clearly erroneous or . . . contrary to law." Id. Except when a magistrate judge acts under 28 U.S.C. § 636(c) (2012), this court lacks jurisdiction

3

over any appeals from a magistrate judge's order. See United States v. Baxter, 19 F.3d 155, 156-57 (4th Cir. 1994).

The magistrate judge's order underlying this appeal is neither a final order nor an appealable interlocutory or collateral order. Parker timely filed his appeal of the order to the district court, which should consider the appeal in the first instance.

Accordingly, we dismiss No. 15-2362 for lack of jurisdiction and remand for further proceedings consistent with this opinion. Although we grant leave to proceed in forma pauperis, we deny as moot the petition for writ of mandamus (No. 15-2389) and deny Parker's pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 15-2362 DISMISSED AND REMANDED;
No. 15-2389 PETITION DENIED

4