**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1556

KATHERINE R. DAUPHIN,

Plaintiff - Appellee,

v.

BEVERLY L. HENNAGER,

Defendant - Appellant,

and

LOUIS A. JENNINGS,

Defendant.

No. 17-1794

KATHERINE R. DAUPHIN,

Plaintiff - Appellee,

v.

BEVERLY L. HENNAGER,

Defendant - Appellant,

and

LOUIS A. JENNINGS,

        Defendant.

**No. 17-1850**

KATHERINE R. DAUPHIN,

        Plaintiff - Appellee,

    v.

LOUIS A. JENNINGS,

        Defendant - Appellant,

    and

BEVERLY L. HENNAGER,

        Defendant.

**No. 17-1990**

KATHERINE R. DAUPHIN,

        Plaintiff - Appellee,

    v.

BEVERLY L. HENNAGER,

        Defendant - Appellant,

    and

LOUIS A. JENNINGS,

           Defendant.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge; Theresa C. Buchanan, Magistrate Judge. (1:15-cv-00149-LO-TCB)

———————————

Submitted: January 19, 2018                                  Decided: February 13, 2018

———————————

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

———————————

Nos. 17-1556 and 17-1990 dismissed; Nos. 17-1794 and 17-1850 affirmed by unpublished per curiam opinion.

———————————

Beverly L. Hennager, Louis A. Jennings, Appellants Pro Se. Stephen Grey Cochran, ROEDER & COCHRAN, PLLC, McLean, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals arise from litigation between Katherine R. Dauphin, a general and limited partner in the Jennings Family Limited Partnership (the Partnership), who brought an action for dissolution of the Partnership against Louis A. Jennings and Beverly L. Hennager (Appellants), who are also general and limited partners of the Partnership. Although the parties settled the underlying dissolution action, Appellants seek to challenge in these appeals several district court orders stemming from the winding up of the Partnership's affairs. After reviewing the parties' filings, we dismissed Appeal Nos. 17-1556 and 17-1990, and affirmed in Appeal Nos. 17-1794 and 17-1850. Appellants have filed petitions for panel rehearing and rehearing en banc in Appeal Nos. 17-1556, 17-1794, and 17-1850. Upon review of the petitions, we deny panel rehearing in Appeal No. 17-1556, and grant panel rehearing in Appeal Nos. 17-1794 and 17-1850.[1]

In Appeal No. 17-1556, Hennager seeks to challenge the district court's orders denying Appellants' motion to stay any action on the disposition of certain Partnership property (motion to stay order), denying her motion for disbursement of Partnership funds (disbursement order), and ordering that certain counsel fees and costs be paid out of Partnership funds (fee order). Hennager has also filed an application to proceed in forma pauperis in this appeal, as well as motions for attorneys' fees, for leave to file an

---

[1] Because we granted Appellants' petition for panel rehearing in two of the four consolidated appeals, our prior opinion has been vacated. *See* 4th Cir. I.O.P. 40.2. In addition, as no member of the court called for a vote on Appellants' petitions for rehearing en banc, those petitions are denied. *See* 4th Cir. Rule 35(b).

oversized informal brief, for release of funds to pay for legal representation, for recusal, and for sanctions against Dauphin. Hennager filed her notice of appeal seeking to challenge these orders on April 27, 2017, however, nearly two months before the district court entered its final order. Because the disbursement and fee orders are not final or appealable interlocutory or collateral orders over which this court has jurisdiction, *see* 28 U.S.C. §§ 1291-1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949), we dismiss this appeal in part as interlocutory.

The district court's motion to stay order authorized the Special Master to sell certain Partnership property, however, and we thus have jurisdiction over Hennager's challenge to that order. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (holding that a court of appeals has jurisdiction over a small category of rulings if the rulings "are conclusive," "resolve important questions separate from the merits," and "are effectively unreviewable on appeal from the final judgment in the underlying action"). Because Hennager also challenges the motion to stay order in Appeal No. 17-1794, we find her challenge to the motion to stay order in this appeal to be duplicative. Accordingly, we grant Hennager's motion for leave to file an oversized informal brief; deny Hennager's application to proceed in forma pauperis and her motions for attorneys' fees, release of funds, recusal, and sanctions; and dismiss Appeal No. 17-1556 in part as interlocutory, and in part as duplicative.

In Appeal No. 17-1990, Hennager seeks to challenge the magistrate judge's order granting Troutman Sanders' motion to seal documents it attached to an attorneys' charging lien. Hennager has also filed an application to proceed in forma pauperis, as

5

well as a motion to stay release of proceeds until final resolution of this appeal (motion for stay). While parties must consent to a magistrate judge's authority to issue dispositive orders, nondispositive matters—such as Troutman Sanders' motion to seal— may be referred to a magistrate judge without the parties' consent. *See* 28 U.S.C. § 636(b)-(c) (2012). If the magistrate judge rules on a dispositive motion pursuant to the consent of the parties, that order may be directly appealed to this court. *See* 28 U.S.C. § 636(c)(3) (2012). If a party chooses to challenge a magistrate judge's ruling on a nondispositive matter, however, the party must file objections with the district court. Only after the district court has ruled on those objections may the party appeal an adverse ruling to this court. *See* 28 U.S.C. § 636(b)(1).

Troutman Sanders' motion to seal was a nondispositive matter that was referred to the magistrate judge without the parties' consent and, thus, we lack jurisdiction over the magistrate judge's order granting the motion to seal. *Cf. United States v. Baxter*, 19 F.3d 155, 156 (4th Cir. 1994) (holding that the court lacked jurisdiction over appeal from magistrate judge's decision because "[f]ederal statutes, federal rules of criminal procedure, and case law all provide that a federal magistrate's judgment of conviction and sentence may *only* be appealed to a federal district court"). Accordingly, we deny Hennager's application to proceed in forma pauperis, dismiss this appeal for lack of jurisdiction, and deny as moot Hennager's motion for stay.

In Appeal Nos. 17-1794 and 17-1850, both Appellants seek to challenge the district court's final order providing for the distribution of the remaining Partnership assets, as well as several district court orders preceding the final order. We have

6

jurisdiction over these appeals. *See* 28 U.S.C. § 1291 (2012). Given Appellants'

summary and often immaterial arguments raised in their informal briefs, however,

Appellants have waived appellate review of the district court's dispositive holdings. *See*

*IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 308 (4th Cir. 2003) ("Failure

to present or argue assignments of error in opening appellate briefs constitutes a waiver

of those issues."); *see also* 4th Cir. Rule 34(b) (requiring us to limit our review to the

issues raised in a pro se litigant's informal brief). Although our previous opinion also

cited to *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999), for the

proposition that an appellant's failure to explain the reasons for his claims "with citations

to the authorities and parts of the record on which the appellant relies" amounts to an

abandonment of those claims, we agree that Appellants—who are pro se litigants—were

not required to cite to legal authorities and the parts of the record upon which they relied

for their arguments. *See* 4th Cir. Rule 34(b) ("It is not necessary to cite cases in an

informal brief."). And while we acknowledge that Appellants did include legal citations

in their informal briefs, the arguments for which the authority was cited provided no

ground for relief. Accordingly, although we grant rehearing, we affirm in Appeal Nos.

17-1794 and 17-1850.

To the extent that Appellants' informal briefs could be construed as generally

challenging the district court's orders instructing the Special Master to sell the

Partnership property, we find those challenges to be moot. *See, e.g., Sterling v.*

*Blackwelder*, 405 F.2d 884, 884 (4th Cir. 1969) (holding moot an appeal seeking to

challenge the sale of real property after that property is transferred to a bona fide

purchaser for value and without first filing a supersedeas bond). And to the extent that Jennings suggests that the district court erroneously determined that he owed the Partnership approximately $62,000 for money the district court determined was converted to unauthorized personal use, the district court's findings are not clearly erroneous. *See* Fed. R. Civ. P. 52(a)(6) (providing that factual findings are reviewed for clear error); *see also United States v. Harvey*, 532 F.3d 326, 336-37 (4th Cir. 2008) (recognizing that a factual finding is clearly erroneous if the court reviews all the evidence and "is left with the definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)). *Cf. Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Based on the foregoing, we: (1) grant Hennager's motion for leave to file an oversized informal brief, deny Hennager's application to proceed in forma pauperis and her motions for attorneys' fees, for release of funds, to compel disclosure and supplement the record, for recusal, and for sanctions, deny rehearing, and dismiss Appeal No. 17-1556 in part as interlocutory, and in part as duplicative; (2) deny Hennager's application to proceed in forma pauperis and dismiss Appeal No. 17-1990 for lack of jurisdiction, and deny as moot Hennager's motion for stay; (3) grant Hennager's motion for leave to file an oversized informal brief, deny her motions for release of funds, for recusal, and for

8

sanctions against Dauphin,[2] grant panel rehearing and affirm the district court's final order in Appeal No. 17-1794; and (4) deny Dauphin's motion for sanctions against Jennings,[3] deny as moot Jennings' motion for stay pending appeal, and grant panel rehearing and affirm the district court's final order in Appeal No. 17-1850. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Nos. 17-1556 and 17-1990 - *DISMISSED;*
Nos. 17-1794 and 17-1850 - *AFFIRMED*

---

[2] We disagree with Hennager that Dauphin made "blatant misrepresentations of fact and truth" to this court.

[3] In her motion for sanctions, Dauphin insists that Jennings' appeal is frivolous. Although we reject the assertions raised in Jennings' appellate filings, this appeal does not warrant the imposition of sanctions.