**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6187

DAVID MEYERS,

Plaintiff - Appellant,

v.

WARDEN JEFFREY KISER; MARCUS ELAM; J. FANNIN; J. D. BENTLEY; EDWARD GWINN; C. STANLEY; M. COUNTS; L. MULLINS; F. STANLEY; T. DORTON; JAMES JONES, U.S. Judge; K. COUNTS; W. SWINEY; GLEN E. CONRAD, U.S. Judge; ROBERT STEWART BALLOU, U.S. Magistrate Judge; TAMMY BARBETTO; J. KING; A. CLEVINGER; PAUL HAYMES; B4 UNIT MANAGER DUNCAN; A. GALIHAR; GAIL JONES; KEITH DAWKINS; UNKNOWN OFFICERS; C. DUDLEY; GERALDINE BAKER; D. TATE; J. MESSER; S. ESCOFFERY; FISCAL TECH,

Defendants - Appellees.

No. 19-6229

DAVID MEYERS,

Plaintiff - Appellant,

v.

WARDEN JEFFREY KISER; MARCUS ELAM; J. FANNIN; J. D. BENTLEY; EDWARD GWINN; C. STANLEY; M. COUNTS; L. MULLINS; F. STANLEY; T. DORTON; JAMES JONES, U.S. Judge; K. COUNTS; W. SWINEY; GLEN E. CONRAD, U.S. Judge; ROBERT STEWART BALLOU, U.S. Magistrate Judge; TAMMY BARBETTO; J. KING; A. CLEVINGER; PAUL HAYMES; B4 UNIT MANAGER DUNCAN; A. GALIHAR; GAIL JONES; KEITH DAWKINS;

UNKNOWN OFFICERS; C. DUDLEY; GERALDINE BAKER; D. TATE; J. MESSER; S. ESCOFFERY; FISCAL TECH,

Defendants - Appellees.

No. 19-6258

DAVID MEYERS,

Plaintiff - Appellant,

v.

CARL MANIS; COUNSELOR YOUNG; GAIL JONES; KEITH DAWKINS; CHIEF OF HOUSING OF WRSP; HENRY PONTON; J. KISER; W. SWINEY; ASSISTANT WARDEN COMBS; CHIEF OF SECURITY MAJOR ANDERSON; ULM COLLINS; QMHP- MONAHAN; COUNSELOR CAUGHRON; A. GALIHAR,

Defendants - Appellees.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Pamela Meade Sargent, Magistrate Judge; Michael F. Urbanski, Chief District Judge. (7:18-cv-00485-MFU-PMS; 7:19-cv-00003-MFU-PMS)

Submitted: April 18, 2019                                    Decided: April 29, 2019

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Meyers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, David Meyers has filed interlocutory appeals from nonfinal orders. Accordingly, we dismiss the appeals for lack of jurisdiction.

Before considering an appeal, we must ensure that we have jurisdiction. *See Feldman v. Law Enf't Assocs. Corp.*, 752 F.3d 339, 346 (4th Cir. 2014) (recognizing court's obligation to consider questions of jurisdiction sua sponte). We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Generally, a district court order is not final until it has resolved all claims as to all parties." *Hunter v. Town of Mocksville,* 789 F.3d 389, 402 (4th Cir. 2015) (internal quotation marks omitted).

In No. 19-6187, Meyers appeals the magistrate judge's order denying his motion to seal. Nondispositive matters may be referred to a magistrate judge without the parties' consent. *See* Fed. R. Civ. P. 72(a). If a party opposes a magistrate judge's order on a nondispositive matter, the party must "file objections to the order within 14 days after being served with a copy." *Id.* Except when a magistrate judge acts under 28 U.S.C. § 636(c) (2012), we lack jurisdiction over any appeals from a magistrate judge's order. *See United States v. Baxter,* 19 F.3d 155, 156–57 (4th Cir. 1994). Because Meyers did not appeal the magistrate judge's decision denying his motion to seal to the district court, we are without jurisdiction.

In No. 19-6229, Meyers appeals the district court's order vacating the magistrate judge's report and recommendation and recommitting the action to the magistrate judge

for further proceedings.  Because this is a nonfinal order, we lack jurisdiction.  In No. 19-6258, Meyers appeals the district court's order referring the action to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (2012).  Because this is also a nonfinal order, we lack jurisdiction.

Accordingly, we dismiss these appeals for lack of jurisdiction.  In Nos. 19-6187 and 19-6258, we deny Meyers' motions for leave to proceed on appeal without prepayment of fees under the Prison Litigation Reform Act.  In No. 19-6229, we deny Meyers' motion to reconsider the order denying leave to proceed without prepayment of fees.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4