**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4041**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JASON STEVEN KOKINDA,

               Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, District Judge.  (2:19-cr-00033-TSK-MJA-1)

Submitted:  April 19, 2021                         Decided:  April 29, 2021

Before WYNN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jason Steven Kokinda, Appellant Pro Se.  Sarah Wagner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Steven Kokinda seeks to appeal the district court's orders denying his motion to dismiss the indictment and denying his motion for reconsideration of that order. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "In criminal proceedings, sentencing is the final decision, before which litigation has not ended." *United States v. Baxter*, 19 F.3d 155, 156 (4th Cir. 1994). For an order to be an appealable collateral order, it "must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Review Comm'n*, 742 F.3d 82, 86 (4th Cir. 2014) (internal quotation marks omitted). Where "the essence of the claimed right is a right not to stand trial"—i.e., an immunity from suit—the claim is immediately reviewable. *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 214 (4th Cir. 2012) (en banc) (internal quotation marks omitted). "By contrast, if the right at issue is . . . a defense to liability[,] then the right can be vindicated just as readily on appeal from the final judgment, and the collateral order doctrine does not apply." *Id.* (internal quotation marks omitted).

The basis for Kokinda's motion to dismiss the indictment is a defense to criminal liability, and thus, the order denying that motion is ineligible for immediate review. *See Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994). Accordingly, we dismiss the appeal for lack of jurisdiction. We grant Kokinda's motion to proceed pro se

2

on appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*