Bilali v. Garland

BIA
Conroy, IJ
A206 228 237

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

HALIM BILALI,
> *Petitioner,*

v.

18-3100
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Gregory Marotta, Esq., Vernon, NJ.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Halim Bilali, a native and citizen of Albania, seeks review of a September 25, 2018, decision of the BIA affirming a October 25, 2017, decision of an Immigration Judge ("IJ") denying Bilali's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Halim Bilali,* No. A 206 228 237 (B.I.A. Sept. 25, 2018), *aff'g* No. A 206 228 237 (Immig. Ct. N.Y. City Oct. 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions,* 891 F.3d 67, 76–77 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may

2

base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's adverse credibility determination is supported by substantial evidence given the fundamental discrepancies in Bilali's accounts of the physical harm that he and his family experienced in Albania. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency reasonably relied on Bilali's omission from his asylum application of an attack in 2013, which Bilali testified was the most serious harm he suffered in Albania. Despite Bilali's testimony that the incident was so severe that it caused him to flee Albania, he did not include any reference to it in his application. Because his asylum

application described more distant and less severe instances of harm in detail, the agency reasonably relied on this omission in support of its credibility finding. *See Hong Fei Gao*, 891 F.3d at 78 (explaining that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose").

Bilali's credibility was further undermined by his inconsistent accounts of other physical harm in his credible fear interview with an asylum officer, application, and testimony. As an initial matter, the agency did not err in relying on Bilali's statement during his credible fear interview that he had never been physically harmed in Albania, because the record of this interview bore sufficient indicia of reliability so as to warrant evidentiary weight. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The record is typewritten, setting forth clear questions and answers, and reflects questions designed to elicit details of Bilali's asylum claim. Moreover, an interpreter was present, and there is no indication that Bilali had difficulty communicating. The agency was not compelled to accept Bilali's explanation that he misunderstood the question and

was under stress at the time, because Bilali was otherwise responsive to the asylum officer's questions throughout the interview. *See Hong Fei Gao,* 891 F.3d at 76; *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal citation and quotation marks omitted)).

Bilali's testimony that no one in his family suffered any harm because of his political activities also conflicted with his application and provided further support for the adverse credibility finding. In his application, Bilali claimed that his brother was shot in an attempt to reach Bilali, and that opposition supporters attempted to rape his sister and his first cousin. When probed on these alleged incidents, however, Bilali testified that he was unsure if anything happened to his family members at all.

The agency also reasonably determined that Bilali's documentary evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony

may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably accorded little weight to letters whose authors were unavailable to testify. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). And the letters from Bilali's mother and local party leader did not corroborate Bilali's allegation of a 2013 attack because they did not discuss this incident, despite Bilali's testimony reflecting that his mother had direct knowledge of it. Bilali also points to the 2016 State Department Human Rights Report for Albania as supporting his petition, but this report contains only generalized accounts of official abuse of power and corruption rather than evidence of violence against members of the Democratic Party, and is thus insufficient to support his claim. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim).

Given that the omission and inconsistencies related directly to material aspects of Bilali's alleged past harm and Bilali did not submit reliable corroboration that rehabilitated his testimony, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency regarding basis of applicant's asylum claim is substantial evidence for adverse credibility determination). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court